NELSON P. COHEN
United States Attorney
Room C-253, Federal Building and
United States Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071

GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6513

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Civil No. CV A02-0054 JKS |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) MOTION FOR ORDER OF FORECLOSURE |
| THOMAS R. MUNGLE and MARLENE C. | ) AND DECREE OF SALE |
| MUNGLE ; DOWN RIGGER CORP.; | ) |
| SIERRA VIEW HOLDING, INC.; | ) |
| ROBERT and JOAN DIDIER; | ) |
| INVERSIONES QUIZARRA, S.A.; | ) |
| DAVID ALLISON; and | ) |
| HOWARD JAEGER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The United States of America, by the undersigned counsel, hereby moves this Court for an order of foreclosure and a decree of sale. In support of its motion, the United States submits the following:

1. This is a civil action brought by the United States to (i) reduce to judgment the outstanding federal income tax liabilities assessed against taxpayers Thomas Mungle and Marlene Mungle (hereinafter "the Mungles"), and (ii) foreclose its tax liens against three parcels of real property.

2. The three parcels of real property are described as follows:

### Parcel 1

a. The first property that is the subject of this foreclosure action is a parcel of real property that is located at 3090 Douglas Highway, Juneau, Alaska, and is legally described as follows:

A tract of land in U.S. Mineral Survey No. 173, Juneau Recording District, First Judicial District, State of Alaska, described as follows:

Begin S 38° 33′ E, 2417.50 feet from U.S.L.M. No. 5, run thence N 51° 40′ E, 102.20 feet to the Meander Line of said Mineral Survey; Thence S 43° 00′ on said Meander Line, 36.00 feet to the true point of beginning; thence S 43° 00′ E continuing on said Meander Line 109.40 feet; thence S 50° 20′ W, 110.54 feet to the Northeast Line of Juneau-Douglas Highway; thence 46° 09′ W, on said Highway Line, 110.57 feet to a point 36.00 feet S 46° 09′ E from a point S 38° 33′ E, 2417.50 feet from U.S.L.M. No. 5, thence Northeasterly to the true point of beginning.

### Parcel 2

b. The second property that is the subject of this foreclosure action is a parcel of real property that is legally described as follows:

Lot 61, U.S. Survey 3268, Juneau Recording District, First Judicial District, State of Alaska

EXCEPT THEREFROM: the Northwest 165.00 feet of the Southwest 330.00 feet.

### Parcel 3

**MOTION FOR ORDER OF FORECLOSURE**
**AND DECREE OF SALE**                          - 2 -

  c.  The third property that is the subject of this foreclosure action is a parcel of real property that is legally described as follows:

A fraction of Tract 1, subdivision of a fraction of U.S. Survey 2135, according to Plat 273, Juneau Recording District, First Judicial District, State of Alaska, more particularly described as follows:

BEGINNING at corner No. 5 of U.S. Survey 2135; thence East along line 5-6 of said survey 730.17 feet to the R.O.W. line of the North Douglas Highway; thence along said R.O.W. line, South 23° 30′ East, 160.00 feet; thence South 66° 30′ West, 64.12 feet; thence South 87° 00′ West, 198.16 feet; thence South 24° 13′ East 239.52 feet; thence South 60° West, 733.84 feet to a point on line 4-5 of said U.S. Survey 2135; thence North, along said line 4-5, 768.04 feet to the point of beginning.

  2.  On June 11, 2003, the Court ordered that:

(a)  the assessments against the Mungles for 1988-1994 were reduced to judgment to judgment in the amount of $151,330.40 as of January 15, 2002, plus interest and statutory additions accrued thereafter less any applicable credits; and

(b)  the purported transfers of (i) Parcel 1 (the residence) from the Mungles to Down Rigger Corporation; (ii) Parcel 2 from the Mungles to Inversiones Quizarra, S.A.; and (iii) Parcel 3 from Thomas Mungle to Inversiones Quizarra, S.A. were fraudulent transfers and of no effect to the lien claims of the government.

  3.  On March 22, 2004, the United States and the Mungles entered into a stipulation in which they agreed that the assessments against the Mungles for the years 1982 and 1985-1987 may be reduced to judgment in the amount of $427,158.15 as of January 5, 2004, plus interest and statutory additions accrued thereafter. The Court approved the stipulation on March 25, 2004.

  4.  On February 20, 2004, the United States received payment in the amount of

$271,608.48 from the sale of property in a related case in the District of Hawaii.

    5.    On June 17, 2004, the Court issued an Order of Foreclosure and Decree of Sale regarding Parcels 2 and 3.  On January 12, 2005, the sales of Parcels 2 and 3 were confirmed by this Court.  See Order Confirming Sale dated January 12, 2005.

    6.    28 U.S.C. Section 2001(a) empowers the Court to set the terms and conditions of sale of real property that is sold under any decree or order of the Court.  Section 2001 provides a rigorous procedure for the public sale of real property, including a requirement that the sale take place in the county in which the property is located.  The court has broad discretion in setting the terms and conditions of a sale under 28 U.S.C. § 2001. *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir.), *cert. denied*, 391 U.S. 966 (1968); *United States v. Heasley*, 283 F.2d 422 (8th Cir. 1960).

    7.    The United States requests that the Court enter an Order of Foreclosure and Decree of Sale to ensure that the real property is sold in an orderly manner and preserved pending confirmation of the sale and delivery of the deed to the ultimate purchaser.  The United States is requesting that the Order of Foreclosure and Decree of Sale be entered for Parcel 1.  The proposed Order of Foreclosure and Decree of Sale, which is submitted with this motion, provides in general that 1) notice of sale be published in accordance with 28 U.S.C. Section 2002; 2) the Internal Revenue Service shall have access to the property for purposes of showing it for sale and to preserve it pending delivery to the ultimate purchaser; 3) any occupants of the property shall vacate the property within a certain time period; 4) a minimum bid is established; 5) bidders demonstrate an ability to make a minimum deposit, and if successful, pay the remainder of the purchase price within a set period of time; and 6) the sale proceeds be

distributed in accordance with 28 U.S.C. Section 1921(c).

WHEREFORE the United States prays that the Court enter an order foreclosing the United States' federal tax liens against Parcel 1 and ordering the sale of Parcel 1 to satisfy the United States' federal tax liens and judgment against the Mungles, and grant such other relief as is just and proper.

    Respectfully submitted,

    NELSON P. COHEN
    United States Attorney


    /s/ Goud P. Maragani
    GOUD P. MARAGANI
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 683
    Ben Franklin Station
    Washington, D.C.  20044
    Telephone: (202) 307-6513

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that a
true and correct copy of the **MOTION FOR ORDER OF
FORECLOSURE AND DECREE OF SALE** and
**ORDER OF FORECLOSURE AND DECREE OF SALE**
were sent to the following parties on September 15, 2006:

| | |
|---|---|
| David Grossman | Robert & Joan Didier |
| Reese, Baffney, Schrag & Frol, P.S. | 5331 Shaune Dr. |
| 216 So. Palouse St | Juneau, Alaska 99801 |
| Walla Walla, Washington 99362 | |
| Attorney for Thomas and Marlene Mungle | |
| | |
| William L. Choquette | Fred Baxter |
| Choquette & Farleigh | Baxter Bruce & Sullivan P.C. |
| 629 L St., Suite 101 | PO Box 32819 |
| Anchorage, AK 99501 | Juneau, AK 99803 |
| Attorney for Thomas and Marlene Mungle | Attorney for David Allison and Howard Jaeger |

/s/ Goud P. Maragani