NELSON P. COHEN
United States Attorney
Room C-253, Federal Building and
United States Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071

GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6513

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Civil No. CV A02-0054 JKS |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) UNITED STATES' REPLY TO |
| THOMAS R. MUNGLE and MARLENE C. | ) DEFENDANTS' RESPONSE AND |
| MUNGLE ; DOWN RIGGER CORP.; | ) OPPOSITION TO UNITED STATES' |
| SIERRA VIEW HOLDING, INC.; | ) MOTION TO CORRECT A CLERICAL |
| ROBERT and JOAN DIDIER; | ) ERROR IN THE COURT'S ORDER OF |
| INVERSIONES QUIZARRA, S.A.; | ) JUNE 11, 2003 AND MOTION FOR |
| DAVID ALLISON; and | ) ENTRY OF JUDGMENT AGAINST |
| HOWARD JAEGER, | ) THOMAS R. MUNGLE AND MARLENE |
| | ) C. MUNGLE |
| Defendants. | ) |
| | ) |
| | ) |

    The United States, by and through its undersigned counsel, files this reply to the

defendants' Response and Opposition to the United States' Motion to Correct a Clerical Error in

the Court's Order of June 11, 2003 and Motion for Entry of Judgment Against Thomas R.

Mungle and Marlene C. Mungle ("Opposition").

1. **Because a judgment has not been entered, a Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e) is not proper.**

The Mungles argue that the United States should have filed a Motion to Alter or Amend Judgment as provided in Fed. R. Civ. P. 59(e). Fed. R. Civ. P. 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed not later than 10 days after entry of the judgment." In this case, although the Court granted the United States' Motion for Summary Judgment with respect to the 1988 through 1994 tax years, the Court did not enter judgment. See Docket for Case Number A02-0054 JKS. In their Opposition, even the Mungles, despite their earlier argument that the United States should file a Motion to Alter or Amend Judgment, admit that the Court has not entered judgment. Opposition, pp. 15-16. Because the Court has not entered judgment, a Motion to Alter or Amend Judgment is not the appropriate means to request that the Court correct the clerical error in its Order of June 10, 2003.

2. **No agreement exists between the Department of Justice and the Mungles as to their outstanding tax liabilities for the tax years at issue.**

In their Opposition, the Mungles argue that the Court should deny the United States' Motion To Correct a Clerical Error in the Court's Order of June 11, 2003 because the parties reached an agreement as to the payoff amount. Specifically, the Mungles allege that they reached an agreement with John B. Snyder, a Department of Justice Tax Division Attorney, regarding the outstanding balance owed by the Mungles for all of the tax years at issue (1982 and 1985-1994) after the application of the net sale proceeds from the sale of three properties. The only evidence the Mungles offer to support their allegation is an email message from Mr. Snyder and Status Reports filed by the United States.

As an initial matter, it is clear that there was no agreement between Mr. Snyder and the Mungles. Mr. Snyder was only providing the Mungles with a payoff amount after the application of the net proceeds from sale of three properties. As the Mungles admit in their Opposition "there was . . . no compromise or settlement." Opposition, p. 13. Mr. Snyder merely provided the Mungles with the amount that remained due. He was unaware that the outstanding balance he provided was based on an incorrect calculation in the Court's Order of June 11, 2003.

Even if the Court were to construe the facts as constituting a settlement or compromise, Mr. Snyder could not have settled the Mungles' tax liabilities because he lacked the authority to compromise the position of the United States. See United States v. Beebe, 180 U.S. 343, 350-51 (1901). Once a tax matter is referred to the Department of Justice, only the Attorney General or a person to whom authority has been delegated by the Attorney General may settle the matter. 26 U.S.C. §7122. Authority to settle matters of $200,000 or less is delegated to "[t]he Chiefs of the Civil Trial Sections, the Claims Court Section and the Office of Special Litigation..." 28 C.F.R. pt. O, subpt. Y, app., Tax Div. Directive 54, §2[1], while the authority to settle higher amounts is delegated to the Chief of the Office of Review and the Deputy Assistant Attorney Generals, id. §§ 5,6. See also United States v. Forma, 784 F.Supp. 1132, 1139 (S.D.N.Y. 1992). Because Mr. Snyder lacked authority to settle the matter, he lacked authority to compromise the outstanding tax liabilities of the Mungles. Because the appropriate process for settling the Mungles' tax liabilities was not followed, the Court should find that no agreement exists

---

[1]Tax Division Directive 54, effective in 1986, has been superseded and currently Tax Division Directive 105 can be found in 28 C.F.R. pt. O subpt. Y. While the delegations of authority have not changed since 1986, the organization of the Tax Division has changed which required revisions by subsequent directives.

United States' Reply                - 3 -

regarding the amount of the Mungles' outstanding tax liabilities for all of the tax years at issue.[2]

**3.     The doctrine of equitable estoppel does not bar the United States from asking the Court to correct the clerical error in its Order of June 11, 2003.**

Finally, the Mungles argue that the doctrine of equitable estoppel prevents the United States from arguing that an amount greater than what is stated in the Court's Order of June 11, 2003 is due and owing from the Mungles. The Mungles' argument regarding equitable estoppel is not supported by law. Equitable estoppel may be imposed when a party "has made a knowing false representation or concealment of material facts to a party ignorant of the facts, with the intention that the other party should rely on it, where the other party actually and detrimentally relies on it." Mukherjee v. INS, 793 F.2d 1006, 1008 (9th Cir. 1986). "[I]t is well settled that the Government may not be estopped on the same terms as any other litigant." Heckler v. Community Health Servs. of Crawford Cty., Inc., 467 U.S. 51, 60-61 (1984). "In the Ninth Circuit, a party seeking to estop the Government 'must satisfy two requirements in addition to those ordinarily applicable.'" Pauly v. U.S. Dep't of Ag., 348 F.3d 1143, 1149 (9th Cir. 2003) (quoting S & M Inv. Co. v. Tahoe Reg'l Planning Agency, 911 F.2d 324, 329 (9th Cir. 1990)). "First, the plaintiff must show that the government has engaged in 'affirmative misconduct going beyond mere negligence.'" See id. "Second, the plaintiff must show that 'the government's act will cause a serious injustice and the imposition of estoppel will not unduly harm the public

---

[2]Furthermore, if an agreement to reduce the outstanding balance owed by the Mungles to the tax years at issue was approved, a letter would have been sent to the Mungles from the Tax Division official who had been delegated settlement authority, in this instance, the Chief of the Western Civil Trial Section, which informed the Mungles of approval of the agreement on behalf of the Attorney General. There is no evidence in the record of a letter from the Chief of the Western Civil Trial Section to the Mungles informing them of the approval of their alleged agreement on behalf of the Attorney General.

interest.'"  See id.

There is no evidence that the government knew the true facts and hid those facts from the Mungles.  In addition, there is no evidence of any detrimental reliance by the Mungles on the incorrect information given to them- they are only being asked to pay the taxes and interest they actually owe.[3]  Moreover, if the Court were to find that the United States can be prevented by the doctrine of equitable estoppel that applies to non-government litigants from requesting that the Court correct the clerical error, it is clear that the Mungles, as required by the heightened standard, have not shown any affirmative misconduct by any government employee involved in this case.  Thus, regardless of which standard is used, the doctrine of equitable estoppel does not prevent the government from requesting that the Court correct the clerical error in its Order of June 11, 2003.

Respectfully submitted this 20th day of December, 2006.

Respectfully submitted,

NELSON P. COHEN
United States Attorney


/s/ Goud P. Maragani
GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6513

---

[3]In fact, even the Mungles admitted that they owe taxes in the amounts stated by the United States because they did not oppose the United States' Motion for Summary Judgment with regard to the 1988 through 1994 tax years.  Court's Order of June 11, 2003, p. 5.

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that a
true and correct copy of the UNITED STATES' REPLY TO DEFENDANTS' RESPONSE AND OPPOSITION TO UNITED STATES' MOTION TO CORRECT A CLERICAL ERROR IN THE COURT'S ORDER OF JUNE 11, 2003 AND MOTION FOR ENTRY OF JUDGMENT AGAINST THOMAS R. MUNGLE AND MARLENE C. MUNGLE
was sent to the following parties on December 20, 2006:

| | |
|---|---|
| David Grossman<br>Reese, Baffney, Schrag & Frol, P.S.<br>216 So. Palouse St<br>Walla Walla, Washington 99362<br>Attorney for Thomas and Marlene Mungle | Robert & Joan Didier<br>5331 Shaune Dr.<br>Juneau, Alaska 99801 |
| William L. Choquette<br>Choquette & Farleigh<br>629 L St., Suite 101<br>Anchorage, AK 99501<br>Attorney for Thomas and Marlene Mungle | Fred Baxter<br>Baxter Bruce & Sullivan P.C.<br>PO Box 32819<br>Juneau, AK 99803<br>Attorney for David Allison and Howard Jaeger |

/s/ Goud P. Maragani