David S. Grossman
WSBA No. 18428
Reese, Baffney, Schrag & Frol, P.S.
216 So. Palouse Street
Walla Walla, WA 99362
Telephone: (509) 525-8130
Telefax: (509) 525-8726

William L. Choquette
ABA No. 7410066
Choquette & Farleigh, LLC
629 L Street, Suite 101
Anchorage, Alaska 99501
Telephone: (907) 274-4626
Telefax: (907) 274-9819

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. A02-0054 CV (JKS) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF DEFENDANTS |
| | ) | THOMAS R. MUNGLE AND MARLENE C. |
| | ) | MUNGLE IN RESPONSE TO UNITED |
| | ) | STATES' MOTION FOR ORDER OF |
| vs. | ) | FORECLOSURE AND DECREE OF SALE |
| | ) | |
| THOMAS R. MUNGLE and MARLENE C. | ) | |
| MUNGLE; DOWN RIGGER CORP.; | ) | |
| SIERRA VIEW HOLDING, INC.; ROBERT | ) | |
| and JOAN DIDIER; INVERSIONES | ) | |
| QUIZARRRA, S.A.; DAVID ALLISON; | ) | |
| AND HOWARD JAEGER, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Thomas R. Mungle and Marlene C. Mungle (hereinafter the "Mungle

Defendants"), by their undersigned attorneys, respectfully submit this Memorandum in response

to the United States' Motion for Order of Foreclosure and Decree of Sale. For the reasons stated

below and in the Declaration of Thomas R. Mungle in Response to Motion for Order of

Foreclosure and Decree of Sale (hereinafter "Mungle Declaration"), the Court is respectfully

requested to exercise its equitable discretion and to defer ruling on the motion for ninety (90)

days or, in the alternative, to stay the effective date of any order of foreclosure for ninety (90)

days.  The reason for this request is to permit the Mungle Defendants sufficient time to complete

the refinance of their Juneau property to obtain funds with which to pay in full the tax liabilities

reflected in the Court's Judgment dated December 26, 2006, together with accrued interest.

### I.    DISCUSSION

On June 11, 2003, the Court entered its Order on the United States' Motion for Summary

Judgment.  That Order, in part, granted summary judgment on the government's tax claims for

the years 1988 through 1994.  The Court also granted the government's motion which sought

foreclosure of two parcels of vacant land in Southeast Alaska.  Thereafter, the Mungles'

accountant met with an IRS Revenue Agent and reached agreement on the amount due for the

remaining tax years in issue:  1982 and 1985-1987.

The Mungles contemplated that after application of the proceeds from the sale of the

Alaska land, as well as a Hawaii condominium, they would obtain a refinance of their Juneau

home and use the proceeds from the refinance to pay in full the remaining amount of their tax

liabilities as determined in this action.  They began the refinance process in 2005 by applying to

Wells Fargo Home Finance for a loan.  Repairs to the home were needed.  Once those repairs

were completed, the appraisal was stale, and Wells Fargo required that it be updated.  Thereafter,

the lender required an "as-built" survey.  All of these problems delayed the refinance process.

By the summer of 2006, the refinance had progressed to the point where the loan could

be scheduled for closing.  It was at that time the parties discovered there was a significant

discrepancy in the amount the government claimed was due vs. the amount the Mungles and

their attorneys believed was due.  Counsel for the government ultimately determined that the

Court's Judgment of June 11, 2003, did not include certain accrued but unassessed interest on the Mungles' tax liabilities for the years 1988 through 1994.

The United States filed a motion to correct the earlier Order. The Court granted that motion on December 26, 2006. On December 26, 2006, the Court entered Judgment for all years based on the parties' previous Stipulation and the corrected order.

Now that the amount owing to the United States has been determined with certainty, the Mungles are able to re-initiate their refinance. Mr. Mungle has met with his loan officer at Wells Fargo Home Finance, and she has prequalified him for a loan in an amount necessary to pay the Court's Judgment of December 26, 2006. See Mungle Declaration. Because of the time that has passed since the loan was ready to close during the summer of 2006, the loan paperwork must be updated, with a new appraisal, "as-built" survey and credit reports. Mr. Mungle is informed the loan should be ready to close in 60-to-90 day's time.  Mungle Declaration. At stake is the taxpayers' personal residence, from which they operate an insurance business. Hasty foreclosure of their residence will take their home and place of business.

This Court may exercise limited discretion in connection with the government's application for foreclosure under Section 7403 of the Internal Revenue Code. See United States v. Rogers, 461 U.S. 677, 708-709, 103 S.Ct. 2132 (1983) ("district courts may exercise a degree of equitable discretion in § 7403 proceedings . . .consistent with the policies of the statute"). Although the Rogers Court stated that "We can think of virtually no circumstances, for example, in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself," id. At 709, it noted further that, "[t]his is not to say that a forced sale may not be temporarily postponed, or made subject to an upset price, in order to do justice in an individual case." Id. n.39.

Here, all the Mungles ask is that the Court exercise its discretion to allow a temporary postponement of the sale of their residence to permit them time to complete their refinance. For the past two years they have proceeded in good faith to seek a refinance their home to obtain funds needed to satisfy their tax debt. Those efforts were delayed first by the lender's requirements for repairs, then the need for updated appraisals and, finally, by the parties' inability to agree on the amount of a payoff figure. With the Court's December 26, 2006, Judgment, uncertainty over the payoff is resolved, and the Mungles have re-initiated their refinance application. With the refinance, the Mungles will have the ability to pay their tax liabilities in full, without the need for the government to proceed with foreclosure of their home.

## II.     CONCLUSION

The Mungle Defendants respectfully ask the Court to defer ruling on the United States' motion for ninety days or, alternatively, to stay the effective date of any order of foreclosure for ninety days to permit them time to complete their refinance, which is underway. There will be no prejudice to the United States, since the tax liabilities at issue continue to accrue interest and the government's priority is secured by the liens it has filed.

DATED this 25th day of January, 2007.

/s/ David S. Grossman
DAVID S. GROSSMAN, WSBA #18428
Reese, Baffney, Schrag & Frol, P.S.
216 So. Palouse St.
Walla Walla, WA  99362
Telephone:  (509) 525-8130

/s/   William L. Choquette
WILLIAM L. CHOQUETTE
ABA No. 7410066
Choquette & Farleigh, LLC
629 L Street, Suite 101
Anchorage, AK  99501
Telephone (907) 274-4626
Attorneys for the Mungle Defendants