David S. Grossman
WSBA No. 18428
Reese, Baffney, Schrag & Frol, P.S.
216 So. Palouse Street
Walla Walla, WA 99362
Telephone: (509) 525-8130
Telefax: (509) 525-8726

William L. Choquette
ABA No. 7410066
Choquette & Farleigh, LLC
629 L. Street, Suite 101
Anchorage, Alaska 99501
Telephone: (907) 274-4626
Telefax: (907) 274-9819

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. A02-0054 CV (JKS) |
| Plaintiff, | ) DECLARATION OF THOMAS R. MUNGLE IN RESPONSE TO UNITED STATES' MOTION FOR ORDER OF FORECLOSURE AND DECREE OF SALE |
| vs. | ) |
| THOMAS R. MUNGLE and MARLENE C. MUNGLE; DOWN RIGGER CORP.; SIERRA VIEW HOLDING, INC.; ROBERT and JOAN DIDIER; INVERSIONES QUIZARRRA, S.A.; DAVID ALLISON; AND HOWARD JAEGER. | ) |
| Defendants. | ) |

I, THOMAS R. MUNGLE, declare as follows under penalty of perjury under the laws of the United States of America:

1

1. I am of legal age and am competent to testify to the matters set forth in this Declaration. The statements in this Declaration are based on my own personal knowledge and are made in response to the United States' Motion for Order of Foreclosure and Decree of Sale.

2. As the Court is aware, on June 11, 2003, the Court entered its decision on the United States' Motion for Summary Judgment. That decision awarded judgment to the government for the tax years 1988 through 1994.

3. Thereafter, my accountant met with an IRS Revenue Agent and that meeting resulted in an agreement of the amount of tax liabilities due for the tax years 1982 and 1985-1997. That agreement was reflected in a Stipulation to reduce Assessments to Judgment, dated March 22, 2004.

4. A Hawaii condominium and two vacant parcels of land in Alaska in which my wife and I had interests were sold and the proceeds applied in substantial payment of the liabilities due for 1982 and 1985-1987, including accrued interest.

5. Since 2005, I have been pursuing a refinance of the house my wife and I own on Douglass Highway in Juneau, with the goal of paying in full the tax liabilities we understood had been determined by the Court's summary judgment and the stipulation.

6. The refinance process began in 2005, and was delayed due to the bank's requiring repairs to the property. This resulted in the need for updated appraisals and an "as-built" survey. This process extended through 2005 and into 2006. At all times we believed agreement had been reached with the government's trial attorney as to the amount needed to pay off the liabilities in full.

7. We were ready to conclude the refinance in the summer of 2006, and our attorney requested a payoff figure from the government's trial attorney. This updated payoff figure was

necessary because of the need to include interest accrued on the Court's Ordered amount and the Stipulation amount. In response, we received a variety of payoff figures which were substantially in excess of what we understood to be due and had been agreed to. My attorney and the government's attorney worked at resolving this matter through the summer months and into the fall of 2006.

8. I understand the government's trial attorney ultimately determined that the reason for the discrepancy was that the Court's Order on summary judgment included some assessed interest, but not all accrued but unassessed interest. The government filed a motion to correct the Order of June 11, 2003, and on December 26, 2006, the Court granted that motion and entered judgment for all of the tax years at issue in this lawsuit.

9. Following the Court's ruling on the motion, I re-initiated the process to refinance our house to obtain funds to pay the tax liabilities in full. Initially, I was concerned we would not qualify for a loan large enough to pay the corrected tax liability. However, I met this morning with Ms. Butch Simmons, a loan officer with Wells Fargo Home Mortgage in Juneau. This is the same loan officer I worked with in 2005 and 2006 on the refinance. Ms. Simmons prequalified my wife and I for a loan in an amount needed to pay in full the tax liabilities that have been determined by the Court's Judgment dated December 26, 2006.

10. Butch Simmons informed me that because of the length of time that has passed since the last appraisal, all of the paperwork for the loan will have to be updated. This will include an updated appraisal, an updated "as-built" survey and a new credit report, and possibly other documents not known to me at this time. The time to complete the refinance and to close the loan will be between sixty and ninety days.

11. We have acted in good faith in seeking to refinance our home, and regret that the process has taken as long as it has. We had believed that the amount due and owing was fixed and agreed to previously. Now that the Court has conclusively determined the amount, we are in a position to complete the refinance. As noted above in Paragraph 9, Butch Simmons, the Wells Fargo Home Mortgage loan officer, has prequalified us for a loan in the amount needed to pay the outstanding tax debt for all years, so I do not anticipate any problems in moving forward and completing this refinance and obtaining funds to pay off the tax liabilities in full, with all accrued interest.

12. Foreclosure is not necessary to pay these taxes. My wife and I ask that the Court either defer ruling on the government's motion for 90 days, or if it does issue an Order of Foreclosure, it stay the effective date of that Order for 90 days to permit my wife and I sufficient time to complete the refinance process. This will preserve our house, which is our only residence and is also the location of my wife's insurance agency business.

EXECUTED under penalty of perjury under the laws of the United States of America this 25th day of January, 2007, at Juneau, Alaska.

THOMAS R. MUNGLE