IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      vs.<br><br>THOMAS R. MUNGLE and MARLENE C. MUNGLE; DOWN RIGGER CORP.; SIERRA VIEW HOLDING, INC.; ROBERT and JOAN DIDIER; INVERSIONES QUIZARRA, S.A.; DAVID ALLISON; and HOWARD JAEGER,<br><br>            Defendants. | Case No. 3:02-cv-00054-JKS<br><br>O R D E R OF FORECLOSURE<br>AND DECREE OF SALE |

This matter having come before the Court on the United States' motion for an order of foreclosure and decree of sale at **Docket No. 118**, for good cause appearing, the motion is **GRANTED**.

**IT IS HEREBY ORDERED THAT**:

1.   The Internal Revenue Service is authorized and directed under 28 U.S.C. Sections 2001 and 2002 to offer for public sale the subject property as identified in the Complaint as Parcel 1 and described below:

   A tract of land in U.S. Mineral Survey No. 173, Juneau Recording District, First Judicial District, State of Alaska, described as follows:

1

      Begin S 38° 33´ E, 2417.50 feet from U.S.L.M. No. 5, run thence N 51° 40´ E, 102.20 feet to the Meander Line of said Mineral Survey; Thence S 43° 00´ on said Meander Line, 36.00 feet to the true point of beginning; thence S 43° 00´ E continuing on said Meander Line 109.40 feet; thence S 50° 20´ W, 110.45 feet to the Northeast Line of Juneau-Douglas Highway; thence 46° 09´ W, on said Highway Line, 110.57 feet to a point 36.00 feet S 46° 09´ E from a point S 38° 33´ E, 2417.50 feet from U.S.L.M. No. 5, thence Northeasterly to the true point of beginning.

      2.    The Internal Revenue Service Property Appraisal Liquidation Specialist is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the realty. This judgment shall act as a special writ of execution and no further orders or process from the Court shall be required.

      3.    The Internal Revenue Service is authorized to have free access to the realty and to take all actions necessary to preserve the realty, including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part of the realty, until the deed to the realty is delivered to the ultimate purchaser.

      4.    The sale shall be free and clear of the interests of defendants Thomas R. Mungle and Marlene C. Mungle. In addition, the sale shall be free and clear of all transfers, conveyances including any purported interest held by the defendants identified in the complaint.

      5.    The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

      6.    The public sale of the realty shall be held either at the courthouse of the county in which the realty is located, or on the premises of the realty. The sale may be held in a secured room within the county courthouse, with access limited to persons who show good-faith intent to bid, by displaying a certified check to the United States Treasury in the amount of $20,000.

      7.    The date and time are to be announced by the Internal Revenue Service.

      8.    Notice of the sale shall be published once a week for at least four (4) consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Juneau, Alaska and, at the discretion of the Internal Revenue Service, by any other notice that the Internal Revenue Service deems appropriate. The notice shall contain a brief description of the

realty and shall contain the basic terms and conditions of sale in this order.  The notice shall be in substantially the form attached hereto as Exhibit A.

9. A reasonable minimum bid shall be determined by the United States.  If the minimum bid is not met or exceeded, the Internal Revenue Service may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.  The realty may be sold piecemeal if deemed to be in the best interest of the United States.

10. The successful bidder shall be required to deposit at the time of sale with the Internal Revenue Service a minimum of $20,000, for the property with the deposit to be made by certified check or money order.  Before being permitted to bid at or attend the sale, potential bidders shall display to the Internal Revenue Service proof that they are able to comply with this requirement.  No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the deposit required by this judgment.

11. The balance of the purchase price for the realty is to be paid to the Internal Revenue Service within thirty (30) days after the date the bid is accepted by a certified or cashier's check payable to the United States Treasury.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited in its entirety to the United States, and the realty shall be again offered for sale, without further order, under the terms and conditions of this order.  The United States may bid as a credit against its judgment without tender of cash.

12. Absent a written objection filed within three days of the sale, or the purchaser's default, the Court may enter an order confirming the sale.  On confirmation of the sale of the realty and receipt of payment in full, the Internal Revenue Service shall execute and deliver a Certificate of Sale and Deed conveying the realty to the purchaser. Upon recording the Certificate of Sale and Deed to the purchaser, the following shall occur: (1) all interests in, encumbrances on, or claims to, the realty that are held by any of the defendants in th is action are discharged and void; (2) the realty is discharged from the federal income tax liens against Thomas R. Mungle and Marlene C. Mungle for the tax years 1988 through 1994, (3) the sale shall be free and clear of all transfers, encumbrances, and/or conveyances claimed by the defendants identified in the complaint.

ORDER OF FORECLOSURE AND DECREE OF SALE

13.   The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.  Possession of the property sold shall be yielded to the purchases upon the production of a copy of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by this Court to compel delivery of the realty to the purchaser.

14.   Until the realty is sold, Thomas R. Mungle, Marlene C. Mungle, and their agents, or anyone acting in concert with them, shall take all reasonable steps necessary to preserve the realty (including all buildings, improvements, and fixtures on the realty) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the realty.  The taxpayers shall not commit waste against the realty, nor shall they cause or permit anyone else to do so.  The taxpayers shall not do anything that tends to reduce the value or marketability of the realty, nor shall they cause or permit anyone else to do so.  The taxpayers and the defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the realty or that may tend to deter or discourage potential bidders from participating in the public auction.

15.   All defendants, the taxpayers (and any other persons occupying the realty with the permissions of the taxpayers, including any person related to the taxpayers) shall leave and vacate the realty permanently (unless the United States agrees otherwise in writing) within thirty (30) days of the date this Order is posted on and mailed to the realty, each taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the realty).  If any person occupying the realty fails or refuses to leave and vacate the realty by the time specified in this order, the U.S. Marshal and his deputies and Internal Revenue Service Officers are authorized and directed to take all actions that are reasonably necessary to eject those persons.  If any person fails or refuses to remove his or her personal property from the realty by the time specified herein, the property remaining on the realty thereafter is deemed forfeited and abandoned, and the Internal Revenue Service is authorized to remove it and dispose of it in any manner the Internal Revenue Service sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, and then to the tax liabilities set forth in the judgment in this case.

ORDER OF FORECLOSURE AND DECREE OF SALE

16. After the sale is confirmed by this Court, the Internal Revenue Service shall distribute the amount paid by the purchaser as follows:

    a. First, the Internal Revenue Service shall retain an amount sufficient to cover the expenses of the sale, including the cost of advertising and an amount sufficient to cover the expenses of any steps taken to secure or maintain the realty pending sale and confirmation by the Court;

    b. Second, to any outstanding local real property taxes which may have accrued;

    c. Third, to the United States of America to be applied to the federal tax liabilities of Thomas R. Mungle and Marlene C. Mungle including penalties and interest, up to the amounts set forth in the judgment, entered on June 10, 2003, plus any interest accrued thereon.

**IT IS FURTHER ORDERED**,

The sale authorized by this Order is **STAYED** for ninety (90) days from its date of entry, until **Monday, May 14, 2007**, to permit the loan transaction presently under consideration. *See* Docket No. 135. No further extensions of time or stays of enforcement will be authorized.

Dated at Anchorage, Alaska, this 13th day of February 2007.

                                                      /s/ James K. Singleton, Jr.
                                                      **JAMES K. SINGLETON, JR.**
                                                        United States District Judge