NELSON P. COHEN
United States Attorney
Room C-253, Federal Building and
United States Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071

GOUD P. MARAGANI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 307-6513

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil No. CV A02-0054 JKS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | [PROPOSED] AMENDED ORDER OF |
| THOMAS R. MUNGLE and MARLENE C. | ) | FORECLOSURE AND DECREE OF SALE |
| MUNGLE; DOWN RIGGER CORP.; | ) | |
| SIERRA VIEW HOLDING, INC.; | ) | |
| ROBERT and JOAN DIDIER; | ) | |
| INVERSIONES QUIZARRA, S.A.; | ) | |
| DAVID ALLISON; and | ) | |
| HOWARD JAEGER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on the United States' Motion to Amend the Order of

Foreclosure and Decree of Sale.  Because good cause has been shown, the motion is granted.

1.      The Internal Revenue Service Property Appraisal Liquidation Specialist is

2680642.1

authorized and directed under 28 U.S.C. Sections 2001 and 2002 to offer for public sale the

subject property as identified in the Complaint as Parcel 1 and described below:

> A tract of land in U.S. Mineral Survey No. 173, Juneau Recording District, First Judicial District, State of Alaska, described as follows:
>
> Begin S 38° 33´ E, 2417.50 feet from U.S.L.M. No. 5, run thence N 51° 40´ E, 102.20 feet to the Meander Line of said Mineral Survey; Thence S 43° 00´ on said Meander Line, 36.00 feet to the true point of beginning; thence S 43° 00´ E continuing on said Meander Line109.40 feet; thence S 50° 20´ W, 110.45 feet to the Northeast Line of Juneau-Douglas Highway; thence 46° 09´ W, on said Highway Line, 110.57 feet to a point 36.00 feet S 46°09´ E from a point S 38° 33´ E, 2417.50 feet from U.S.L.M. No. 5, thence Northeasterly to the true point of beginning.

2.      The Internal Revenue Service is authorized to have free access to the subject

property and to take all actions necessary to preserve the subject property, including without

limitation, retaining a locksmith or other person to change or install locks or other security

devices on any part of the subject property until the deed of the subject property is delivered to

the ultimate purchaser(s).

3.      The Internal Revenue Service is authorized and directed under 28 U.S.C. Sections

2001 and 2002 to offer for public sale the subject property.

4.      The sale shall be free and clear of the interests of all defendants.

5.      The sale shall be subject to all laws, ordinances, and governmental regulations

(including building and zoning ordinances), affecting the premises, and easements and

restrictions of record, if any.

6.      The public sale of the subject property shall be held either at the courthouse of the

county in which the realty is located, or on the premises.

7.      The date and time for sale are to be announced by the Internal Revenue Service.

AMENDED ORDER OF FORECLOSURE
AND DECREE OF SALE                      - 2 -                                          2680642.1

8.      Notice of the sale shall be published once a week for at least four (4) consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States where the realty is situated and, at the discretion of the Internal Revenue Service, by any other notice that it deems appropriate.  The brief notice shall contain a description of the subject property and shall contain the essential terms and conditions of sale in this Amended Order of Foreclosure and Decree of Sale.

9.      A reasonable minimum bid shall be determined by the United States.  If the minimum bid is not met or exceeded, the Internal Revenue Service may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

10.      The successful bidder(s) shall be required to deposit at the time of sale with the Clerk of the United States District Court for the District of Alaska a minimum of ten (10) percent of his or her bid, with the deposit to be made by cashier's or certified check made payable to "Ida Romack, Clerk of the United States District Court for the District of Alaska."  Before being permitted to bid at the sale, bidders shall display to the Internal Revenue Service proof that they are able to comply with this requirement.  No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the deposit required by this judgment.

11.      The balance of the purchase price for the subject properties are to be paid to the Clerk of the Court within thirty (30) days after the sale is confirmed by the Court by a cashier's or certified check payable to "Ida Romack, Clerk of the United States District Court for the District of Alaska."  If the bidder(s) fails to fulfill this requirement, the deposit shall be forfeited

and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the outstanding tax liability and the subject property shall be again offered for sale under the terms and conditions of this order.  The United States may bid as a credit against its judgment without tender of cash.

12.     The sale of the subject property shall be subject to confirmation by this Court.  On confirmation of the sale of the subject property, and receipt of payment in full, the Internal Revenue Service shall execute and deliver quit claim deeds conveying the subject property to the purchaser(s).  On confirmation of the sale, all interests in, liens against, or claims to, the subject properties that are held or asserted by the plaintiff or defendants Thomas R. Mungle and Marlene C. Mungle.  In addition, the sale shall be free and clear of all transfers, conveyances including any purported interest held by the defendants identified in the complaint. are discharged and extinguished.

13.     The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.  Possession of the property sold shall be yielded to the purchaser upon the production of a copy of the Certificate of Sale and Deed; and if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the real property to the purchaser.

14.     Until the sale date, the defendants shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, and fixtures) in their current condition including, without limitation, maintaining fire and casualty insurance policies on the property.  They shall not commit waste against the subject properties, nor shall they cause or permit anyone else to do so.  They shall not do anything that tends to reduce the value or

marketability of the subject properties, nor shall they cause or permit anyone else to do so.  The

taxpayer and the defendants shall not record any instruments, publish any notice, or take any

other action (such as running newspaper advertisements) that may directly or indirectly tend to

adversely affect the value of the subject properties or that may tend to deter or discourage

potential bidders from participating in the public auction.

15.     The Clerk of the Court shall retain all proceeds of the sale until this Court enters

an Order directing how the funds should be disbursed.


DATE: _____     _____

                                          UNITED STATES DISTRICT JUDGE